# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
**No. 24-1738V**

|  |  |
|---|---|
| VERDIE ATIENZA,<br><br>          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: April 16, 2026 |

*Glen H. Sturtevant, Rawls Law Group, Richmond, VA, for Petitioner.*

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 24, 2024, Verdie Atienza filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered from a shoulder injury related to vaccine administration as a result of an influenza vaccine administered to him on November 22, 2023. Petition, ECF No. 1. On September 8, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 25

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $10,202.79 (representing $9,384.30 in fees plus $818.49 in costs). Application for Attorneys' Fees and Costs ("Motion") filed November 21, 2025. ECF No. 31. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 31-3.

Respondent reacted to the motion on November 24, 2025, indicating that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case but defers resolution of the amount to be awarded to my discretion. ECF No. 32. Petitioner filed a reply asserting that his request for fees and costs is reasonable. ECF No. 33.

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested for work performed by attorneys Glen Sturtevant and Tripp Otto, plus their supporting paralegals, are reasonable and consistent with prior determinations and shall be awarded. Petitioner has also requested that I apply the following hourly rates for attorney Peter Anderson: $438.00 for time billed in 2024, and $469.00 for time billed in 2025. However, counsel did not include an Affidavit reflecting Mr. Anderson's year of graduation from law school, date of all bar admissions, length of practice, specialties of practice, customary billing practices, and history of hourly rates charged as required by the Vaccine Rules and Guidelines for Practice at 74-78.[3]

Accordingly, I do not endorse Mr. Anderson's proposed rates at this time. However, I find the overall amount billed by this attorney to be reasonable, and it shall be awarded without reduction. But counsel must ensure to include an attorney Affidavit in future filings to avoid a curtailed award.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 31-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $10,202.79 (representing $9,384.30 in fees plus $818.49 in costs) to be**

---

[3] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be retrieved from the Court's website: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

**paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]


**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.